# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TITUS JONES AND SUEANNA JONES,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Civil Action No.** ) **5:18-CV-00032-MTT** |
| **LAKE WILDWOOD ASSOCIATION, INC.** | ) ) |
| **Defendant.** | ) ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR JOINDER

Plaintiff TITUS JONES and SUEANNA JONES, pro se, memorandum in support for motion to join the CHUBBS GROUP OF INSURANCE, a New Jersey corporation; ABM, a New York corporation; US SECURITY ASSOCIATION, a Georgia corporation:

## MEMORANDUM OF LAW

The first issue is whether under Federal Rules of Civil Procedures 19, a third-party can be joined to an existing case as a third-party defendant when the

third-party contractor worked together with the defendant to bar the plaintiffs from their property.

Rule 19 states a required party, "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1).

To establish whether joinder is proper under Rule 19, the plaintiff must show that joinder will not disturb diversity and that complete relief can be granted. Fed. R. Civ. P. 19(a)(1).

The first element for joinder is whether diversity is effect. In O'Connor, the plaintiff in Georgia court requested to join a New Jersey third-party defendant. O'Connor v. Sears Roebuck & Co., No. 1:09-CV-126 (WLS), 2009 WL 10676821, at *1 (M.D. Ga. Oct. 14, 2009). The court held that the plaintiff established the first element for joinder because joinder would not disturbed diversity between the parties. Id. In Grant, the court explained that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff," which is known as the "rule of complete diversity."" D.R. ex rel. Igles v. Grant, 770 F. Supp. 2d 1337, 1342 (M.D. Ga. 2011) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Similarly, the

plaintiff requests to join ABM, a New York corporation; and US SECURITY ASSOCIATION, a Georgia corporation. In addition, as explained in the Grant, the plaintiffs' joinder does not destroy the "rule of complete diversity." Therefore, the first element for not disturbing diversity has been established.

The second element for joinder is whether complete relief can be granted. In O'Conner, during discovery period, the plaintiff found out that the defendant might have had another company manufacture parts of a freezer/refrigerator. O'Connor v. Sears Roebuck & Co., No. 1:09-CV-126 (WLS), 2009 WL 10676821, at *1 (M.D. Ga. Oct. 14, 2009). The courts stated that strict liability governed manufactured products, however, if such products were not covered under strict liability then Rule 19(a)(1) would apply. Id. On the contrary, even though the plaintiff became aware of the defendant's security contractors during the discovery period. The plaintiff case is not a strict liability case and Rule 19(a)(1) should apply because the defendant and the third-party contractors both worked together to bar the plaintiff from entry on to their property.

In Alexander, the Supreme Court stated that court of equity, that has jurisdiction would decide all maters in dispute and grant complete relief. Alexander v. Hillman, 296 U.S. 222, 242, 56 S. Ct. 204, 211, 80 L. Ed. 192 (1935). Likewise, the court has jurisdiction and all matters in dispute should be granted

complete relief. However, this court would be limited to all the matters pertaining this case if the security contractors where not joined and the defense has the defense to shift wrongdoing towards the absentee security contractor. The plaintiff would be denied complete relief when the defendants' choses to blame the third-party contractors that physically barred the plaintiff from their property. Therefore the plaintiff has established that the court could not grant complete relief, if joinder is denied.

In O'Conner, the courts granted the plaintiff joinder under Rule 20, because the defendant could not seek relief under Rule 19 based on strict liability. O'Connor v. Sears Roebuck & Co., No. 1:09-CV-126 (WLS), 2009 WL 10676821, at *1 (M.D. Ga. Oct. 14, 2009). Similarly, the defendant is requesting that this court grants joinder under Rule 20 if Rule 19 is not permitted.

Rule 20 permissive joinder of a defendant "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

To establish whether joinder is proper under Rule 20, the plaintiff must show that the circumstances arose out of the same transaction and that there is a fact

common to the defendants. Fed. R. Civ. P. 20(a)(2). In O'Conner, the courts granted the plaintiff joinder because the defendant and the third-party jointly injured the plaintiff, with their manufactured product. O'Connor v. Sears Roebuck & Co., No. 1:09-CV-126 (WLS), 2009 WL 10676821, at *1 (M.D. Ga. Oct. 14, 2009). Similarly, the defendant and the third-party injured the plaintiff when they acted in-concert to bar the plaintiffs from their property. Therefore, the plaintiff has established that joinder is proper under Rule 20.

The second issue is whether under Georgia statute, the court may permit a third-party to be joined to an existing case, when the third-party is the insurer of the defendant.

"The [c]ourt concludes that Georgia's direct action statute is both procedural and substantive. The statute allows an injured party to join an insurance carrier to an action against the insured. But it also creates a separate cause of action against an insurance carrier, because it allows an injured party to recover a judgment directly against the insurance carrier without first obtaining a judgment against the insured." Donaldson v. Old Republic Ins. Co., No. 4:14-CV-256 CDL, 2015 WL 2184322, at *2 (M.D. Ga. May 11, 2015).

To establish a joinder for defendant's insurance company in Georgia, a plaintiff must show that Georgia law applies. In Donaldson, the court held that

Georgia law did not apply because the claim arose in the state of Alabama. Id. 4. On the contrary, the plaintiff case arose in the state of Georgia. Therefore, the plaintiff can established joinder for the defendant's insurance company.

WHEREFORE, the plaintiff prays that this court grants plaintiff motion of joinder for CHUBBS GROUP OF INSURANCE, ABM, and US SECURITY as Defendants. The plaintiff has established that joinder of the third party contractor is required under Rule 19. In addition, the plaintiff rest on the courts digression, that joinder may be also be permissible under Rule 20 because both parties acted in-concert to bar the plaintiff from their property. This action arose out of the same transaction and occurrence and they both have a common fact of law. This court has the power to grant complete relief of all the matters. The defendants have stated in their original answer to this complaint that they did not bar the plaintiff from their property, and may shift blame to an absentee third-party contractor (security guard). Of which, the plaintiff has tape record conversation and police incident reports with security guard contractors, barring the Plaintiff from their property. The plaintiff became aware of the third-party contractors during the discovery period, and if know prior, the plaintiff would have brought an action against the security contractor at the initial complaint.

In addition Georgia direct action statute allows a plaintiff to join a defendant's insurance company to an existing case without a court judgment against the defendant.

Respectfully submitted,

**Titus Jones**

**Sueanna Jones**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **TITUS JONES AND SUEANNA JONES,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No.** |
| | ) **5:18-CV-00032-MTT** |
| **LAKE WILDWOOD** | ) |
| **ASSOCIATION,  INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following counsel of record (or *pro se* parties), listed below,

who are registered participants in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF System:

**Gary E. Thomas**
**gary.thomas@mgmesq.com**
**11575 Great Oaks Way, Suite 100**
**Atlanta, Georgia 30022**
**(470) 415-5500**
**(470) 415-5510 (fax)**

This 10th day of September 2018.

Respectfully submitted,

**Titus Jones**
1609 Crystalview Trail
Lakeland, FL 33801
TLJGRADE@yahoo.com

**Sueanna Jones**
1609 Crystalview Trail
Lakeland, FL 33801
**Sueanna_med@yahoo.com**