# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TITUS JONES, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-32-MTT |
| LAKE WILDWOOD ASSOCIATION, INC., | ) |
| Defendant. | ) |

## ORDER

Plaintiffs Titus and Sueanna Jones move to join Macon-Bibb County under Rule 19. Doc. 24. They allege that during her deposition, Lekitte Robinson, who works for the County's Code Enforcement Office, testified (i) that someone in her office created a flyer containing a picture of the Plaintiffs' home and address and (ii) that the Code Enforcement Office "provided letters to Lake Wildwood stating the [Plaintiffs'] property was condemned," which was false. *Id.* ¶¶ 2-4. The Plaintiffs also allege that they "went through the zoning office and received signed documentation stating they did not require a permit to do the roof," but that after receiving phone calls from Lake Wildwood, the County placed a stop-work order on the Plaintiffs' property. *Id.* ¶ 6. The Court deferred ruling on the motion and ordered the Plaintiffs to file the relevant deposition testimony and a proposed amended complaint setting out all of their claims against both Lake Wildwood Association and Macon-Bibb. Doc. 26 at 2. The Plaintiffs filed the depositions and a proposed amended complaint. Docs. 27; 27-1; 27-2; 27-3.

However, there were problems with those filings.  First, the Plaintiffs did not file the exhibits to the depositions.  Second, the complaint did not state the legal basis of the claims against the County.  The complaint recited, in conclusory fashion, allegations that Macon-Bibb violated the Plaintiff's right to "Due Process of Notice," "published personal information," and "fostered Lake Wildwood's conduct of violating the [Plaintiffs'] constitutional rights of Due Process."  Nor was there any elaboration on their claim against Macon-Bibb for an unconstitutional taking.  Finally, the Court noted that once the Plaintiffs could identify specific legal grounds for their suit, they should address statute of limitations issues for any claims based on events which occurred outside the limitations period.

The Plaintiffs partially addressed the Court's concerns in a new proposed amended complaint with supporting documents filed on June 13, 2019.  Doc. 29.  However, the proposed amended complaint attempts to add claims against various other individuals: Jerome Harvey, Virgil Marek, George Catlett, and Kim Hammonds, all affiliated or formerly affiliated with Lake Wildwood, in their "official capacit[ies];" and Lekitte Robinson, John Baker, Jonathan Chambless, Tom Buttram, and Ricky Fuller, all employees or former employees of Macon-Bibb, also in their official capacities.  Doc. 29-1 at 7-8.  Those individuals are not parties to this lawsuit, and no party has moved to join them.  The complaint, therefore, is still deficient.

Additionally, the Plaintiffs did not address the Court's concerns about the statute of limitations.  The Plaintiffs propose to bring their constitutional claims pursuant to 42 U.S.C. § 1983.  Doc. 29-1 ¶ 31.  The forum state's limitation period applicable to personal injury actions is applied to actions brought under 42 U.S.C. § 1983.  *Wallace v.*

2

*Kato*, 549 U.S. 384, 387 (2007).  The Georgia statute of limitations for personal injury is two years.  O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 864 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").  But the Plaintiffs' allegations against Macon-Bibb appear to focus on the County's conduct in February 2016, over three years ago.

The Plaintiffs are **ORDERED, within ten days,** to file a recast proposed amended complaint which resolves those problems.  Failure to address the statute of limitations issues may result in the Plaintiffs' motion being denied for futility.

**SO ORDERED**, this 19th day of June, 2019.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT