**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TITUS JONES, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:18-cv-32-MTT** |
| | ) | |
| | ) | |
| **LAKE WILDWOOD ASSOCIATION,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ORDER

Plaintiffs Titus and Sueanna Jones move to join Macon-Bibb County as a
defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure and for leave to
file an amended complaint adding claims against Macon-Bibb. For the following
reasons, that motion (Doc. 24) is **DENIED**.

### I. BACKGROUND

The Plaintiffs brought suit against Defendant Lake Wildwood Association, Inc.
alleging that Lake Wildwood had barred them from their home. Doc. 1. They now seek
leave to file a proposed amended complaint alleging the following facts concerning
Macon-Bibb: (i) someone in the Code Enforcement Office created and distributed a flyer
containing a picture of the Plaintiffs' home, (ii) the Code Enforcement Office falsely
represented to Lake Wildwood that the Plaintiffs' property was condemned, (iii) Macon-
Bibb failed to give the Plaintiffs adequate notice of legal action concerning their home,
and (iv) Macon-Bibb wrongly placed a stop-work order on their home, despite the

Plaintiffs having properly sought a permit. Doc. 31-1 at 4-7. The Court has entered several orders informing the Plaintiffs of deficiencies in their proposed amended complaints. Docs. 26; 28; 30. The Court observed that the Plaintiffs' first proposed amended complaint "d[id] not state the legal basis of the claims against the County" or include "specific legal grounds for their suit" and gave them ten days to file a recast proposed amended complaint. Doc. 28 at 2. The Plaintiffs then filed a recast proposed amended complaint. Doc. 29-1. That recast proposed amended complaint added a section labeled "claims for relief," which quoted the Fourteenth Amendment's Due Process Clause and clarified that a proposed takings claim against Macon-Bibb was "[s]imilar[]" to the claim in *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001). However, that complaint also included a "parties" section, which purported to add a number of Macon-Bibb employees whom the Plaintiffs had not moved to join. Doc. 29-1 at 6-8. Accordingly, the Court requested a new proposed recast amended complaint. Doc. 30 at 2. The Plaintiffs then filed their second proposed recast amended complaint (Doc. 31-1), which deleted the "parties" section and added more detail concerning the flyer, as well as conclusory allegations that Macon-Bibb worked in concert with Lake Wildwood Association to bar the Plaintiffs from their home.

## II. DISCUSSION

Before addressing the propriety of the proposed amendment under Rules 15 and 19, the Court must first determine whether the Plaintiffs' motion is untimely under the controlling scheduling Order issued in this case. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (noting that when a motion to amend was filed after the scheduling order's deadline, the movant must first demonstrate good cause under

Rule 16(b) before the court considers whether the amendment is proper under Rule 15(a)) (citations omitted); *Ne. Drilling, Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 36 (1st Cir. 2001) (Rule 16(b) applies to Rule 19(a) joinder). "District courts are required to enter a scheduling order that limits the time to join other parties and to amend the pleadings. Such orders control the subsequent course of the action unless modified by a subsequent order and may be modified only upon a showing of good cause. This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks, alteration marks, and citations omitted) (citing Fed. R. Civ. P. 16). "If a party was not diligent as to the matter that is the subject of the motion to amend, the good cause inquiry should end." *Clean Harbors Envtl. Servs., Inc. v. Cedar Enters. Inc.*, 2012 WL 13008804, at *1 (N.D. Ga. 2012) (citing *Sosa*, 133 F.3d at 1418). Because the motions to join Macon-Bibb and for leave to amend the complaint are untimely under Rule 16, the Court does not reach the question of whether those motions would be granted under the standards of Rules 15 and 19.

On June 12, 2018, the Court entered a scheduling and discovery order, which set a deadline of August 3, 2018 for amending pleadings or joining parties. Doc. 7 at 9. At a conference on December 5, 2018, the Court extended the deadlines for discovery and for dispositive and *Daubert* motions, but it did not extend the deadline for amending pleadings or joining parties. Doc. 19. That deadline had already passed in August 2018. Doc. 7 at 9. On February 7, 2019, the Court granted further extensions of the deadlines for discovery and for dispositive and *Daubert* motions. Doc. 23. On April 21, 2019, the Plaintiffs filed motions to join Macon-Bibb and to amend the complaint to add

claims against Macon-Bibb. Doc. 24. The Court entered several orders over the following two months in an attempt to clarify the Plaintiffs' proposed new claims so that it could properly address the motions. Docs. 26; 28; 30.

The Plaintiffs allege they learned that a flyer mentioned in their original complaint[1] was in fact created by employees of Macon-Bibb. Doc. 31-1 at 5. The basis of this allegation is Lekitte Robinson's deposition. *Id.* That deposition, however, was taken on January 11, 2019, and the Plaintiffs did not move to join Macon-Bibb until April 21, 2019. Doc. 27-3 at 1. The Plaintiffs provide no reason for the more than three months' delay. Also, the flyer requested that if residents saw someone working on the house at 404 Breezeview Circle, they contact Bibb County. Doc. 27-3 at 31-32. The Plaintiffs do not identify a specific legal basis for asserting a claim against Macon-Bibb arising from the flyer, and no such basis is evident to the Court. The Plaintiffs also did not file the flyer, despite the Court's requesting them to do so. Doc. 28 at 2.

The Plaintiffs also claim that Macon-Bibb condemned their house without notice or judicial process, based on a reinspection letter sent by Baker, an employee of Macon Bibb, allegedly to Lake Wildwood. Docs. 29 at 2; 27-3 at 44:19-45:15. That letter was Exhibit 10 of the Robinson Deposition. *Id.* Without seeing the letter, the Court cannot determine (1) the factual basis for the false condemnation claim or, more importantly, (2) that the facts supporting that claim were previously undiscoverable despite the Plaintiffs' diligence. The Court, therefore, requested that the Plaintiffs file the deposition exhibits. Doc. 28 at 2 ("the Plaintiffs did not file the exhibits to the depositions: at

---

[1] "6. On or about February 2016 defendant contacted Macon City to bar plaintiff from their real estates. 7. On or about February 26, 2016 defendant mailed out flyers within the community with a picture of defendant house and defendants address [sic]." Doc. 1 at 4.

minimum, they must attach the flyer, the letters stating the property was condemned, or any of the other documents which form the basis of the Plaintiffs' allegations."). The Plaintiffs filed some exhibits, but not the flyer, discussed above, or the letter stating the property was condemned. *See* Docs. 29-2; 29-3; 29-4; 29-5; 29-6; 29-7; 29-8; 29-10; 29-11; 29-12; 29-13; 29-14. The Plaintiffs have failed to show that the factual bases for these claims were undiscoverable despite their diligence.

In fact, the limited deposition exhibits which the Plaintiffs did file prove the opposite. For instance, the Plaintiffs filed a letter of April 15, 2016, from a Macon-Bibb inspector to a Department of Housing and Urban Development official, responding to accusations by Plaintiff Titus Jones that the Macon-Bibb inspector had threatened to hurt Mr. Jones's family if he ever returned to the property. Doc. 29-12. Clearly, either the building inspector was behaving highly unusually or Jones's accusations lacked credibility. Either way, the letter shows that the Plaintiffs were aware of Macon-Bibb's involvement, if any, long before the August 3, 2018 deadline for amending pleadings and joining parties. Doc. 7 at 9. The attachments also indicate that Macon-Bibb informed the Plaintiffs they were not allowed to do the work as far back as February 2016. Doc. 29-11 at 2. The Plaintiffs' limited filings in support of their motion undermine, rather than support, any claim that the Plaintiffs were diligent.[2] In sum, the Court finds the Plaintiffs were not diligent and have not shown good cause, and the Court denies the Plaintiffs' motion to amend.

---

[2] The documents filed also undermine the Plaintiffs' claim that Macon-Bibb conspired with Lake Wildwood to bar the Plaintiffs from their property: to the contrary, the filings provide evidence that Macon-Bibb was asked by Lake Wildwood to bar the Plaintiffs from the property, but refused. Doc. 29-4 at 1.

## III. CONCLUSION

After repeated attempts, the Court has been unable to coax from the Plaintiffs a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The Court has construed all pleadings liberally, but the Plaintiffs simply have not shown good cause for joining Macon-Bibb and adding allegations pursuant to a motion filed more than eight months after the deadline for amending pleadings and adding new parties. The few relevant documents the Plaintiffs have filed confirm the Court's conclusion that the Plaintiffs were not diligent regarding the proposed claims against Macon-Bibb. Because the August 3, 2018 deadline of the scheduling Order has passed and there is no good cause for modifying that Order, the Plaintiffs' motions to amend and to join Macon-Bibb as a defendant (Doc. 24) are **DENIED**.

**SO ORDERED**, this 9th day of September, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT